The Federal Arbitration Act, 9 U.S.C. § 2, provides that the Act applies to a "written provision in any . . . contractevidencing a transaction involving commerce to settle byarbitration a controversy thereafter arising out of suchcontract or transaction . . . ." (Emphasis added.)
Moore's claim against The Money Tree did not ariseafter those parties had entered into agreements to settle controversies by arbitration, but before. Moore's action had been filed before she entered into the agreements with The Money Tree that contained the predispute agreements to arbitrate. Therefore, in my opinion, after considering de novo The Money Tree's motion to stay judicial proceedings and to compel arbitration, I agree that the trial court properly denied that motion.
HOOPER, C.J., and MADDOX, J., concur.